VAUGHN, Justice,
dissenting:
I agree with those federal judicial officers who have concluded that Daimler and *149 Goodyear have no effect upon general jurisdiction that is based upon consent through corporate registration statutes.[130] Daimler and Goodyear involved only general jurisdiction by presence where the corporate defendant had not consented to jurisdiction. Just last month, a circuit court judge of the Federal Circuit wrote in a concurring opinion mentioned by the Majority that “Daimler did not overrule the line of Supreme Court authority establishing that a corporation may. consent to jurisdiction over its person by choosing to comply with a state’s registration statute.”[131] The case originated in Delaware and the opinion concluded that Sternberg itself remains good law. I fully agree with the reasoning of that concurring opinion and see no need to duplicate it here.
It may be that the United States Supreme Court will go in the same direction as the Majority. But we won’t know until it gets there. I would not divest the trial courts of this state of significant jurisdiction unless I was sure I was right, and I am not sure the Majority is right. I would affirm the judgment of the Superior Court.

. See Acorda Therapeutics Inc. v. Mylan Pharm. Inc., 817 F.3d 755, 766-67, 2016 WL 1077048, at *10 (Fed.Cir.2016) (O’Malley, J., concurring), aff’g 78 F.Supp.3d 572, 587 (D.Del.2015); Novartis Pharm. Corp. v. Mylan Inc., 2015 WL 1246285, at *3-4 (D.Del. Mar. 16, 2015); Forest Labs, Inc. v. Amneal Pharm, LLC, 2015 WL 880599, at *12 (D.Del. Feb. 26, 2015); see also Helsinn Healthcare S.A. v. Hospira, Inc., 2016 WL 1338601, at *3 (D.N.J. Apr. 5, 2016) ("Daimler did not address the issue of consent-based jurisdiction.... ”); In re Syngenta AGMIR 162 Com Litig., 2016 WL 1047996, at *3 (D.Kan. Mar. 11, 2016) (“The Court is not prepared to ignore such Supreme Court precedent based on speculation about how the Court might view jurisdiction in contexts other than that discussed in Daimler.")-, Mitchell v. Eli Lilly & Co., — F.Supp.3d -, -, 2016 WL 362441, at *5-9 (E.D.Mo. Jan. 29, 2016) (rejecting the argument that Daimler altered general jurisdiction by consent); Grubb v. Day to Day Logistics, Inc., 2015 WL 4068742, at *4 (S.D.Ohio July 2, 2015) (declining to extend Daimler to consent); Fesniak v. Equifax Mortg, Servs. LLC, 2015 WL 2412119, at *6 (D.N.J. May 21, 2015) (acknowledging that one may still consent to personal jurisdiction); Gracey v. Janssen Pharms., Inc., 2015 WL 2066242, at *3 n. 4 (E.D.Mo. May 4, 2015) (noting that Daimler did not alter jurisdiction by consent); Perrigo Co. v. Merial Ltd., 2015 WL 1538088, at *7 (D.Neb. Apr. 7, 2015) ("Daimler only speaks to whether general jurisdiction can be appropriately exercised over a foreign corporation that has not consented to suit in the forum.”); Senju Pharm. Co., Ltd. v. Metrics, Inc., 96 F.Supp.3d 428, 437 (D.N.J.2015) (“Daimler did not discuss instate service and there was no indication in Daimler that the defendant had registered to do business in the state or been served with process there,”); Otsuka Pharm. v. Mylan, 106 F.Supp.3d 456, 467-69 (D.N.J.2015) (declining to extend Daimler to consent),

. Acorda, 817 F.3d at 767, 2016 WL 1077048, at *10 (O’Malley, J., concurring).